UNITED STATES

v.

**Brian R. STACH, 534 70 2624, Postal Clerk Seaman (E–3), U. S. Navy.**

**NMCM 81 0600.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 15 April 1980.

Decided 31 July 1981.

LT Thomas P. Murphy, JAGC, USNR, Appellate Defense Counsel.

LT Wm. Eric Minamyer, JAGC, USNR, Appellate Government Counsel.

Before BAUM, Senior Judge, and ABERNATHY and KERCHEVAL, JJ.

BAUM, Senior Judge:

Appellant was tried by a special court-martial which was convened by a general

court-martial authority, Commander, Fleet Air, Mediterranean (COMFAIRMED). At the trial before judge alone appellant was convicted of 10 specifications of possession, sale and transfer of hashish in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892, and one specification of introduction of hashish into the U. S. Naval Detachment, Souda Bay, Crete, Greece in violation of Article 134, UCMJ, 10 U.S.C. § 934. The findings of guilty were based on pleas of guilty entered pursuant to a pretrial agreement with the convening authority which, among other things, required the convening authority to suspend any adjudged bad-conduct discharge for nine months from the date of trial and, in addition, included the following provision:

> The Convening Authority agrees that if PCSN STACH is processed at this command, subsequent to this court-martial, for an administrative discharge, under paragraph 3420185 of the BUPERS Manual, for the offenses charged at this Court-Martial then the Convening Authority will recommend to the Chief of Naval Personnel that PCSN STACH be retained in the U. S. Navy to finish his current enlistment. If PCSN STACH is transferred to another command after this Court-Martial then this provision is not binding on that command, however, it is agreed that this paragraph may be used by PCSN STACH at any future discharge proceeding to show that this Command suspended the Bad-Conduct Discharge of PCSN STACH because it believed he should have a second chance to finish his enlistment and earn a good discharge.

The judge at trial explained this provision in the following manner:

> MJ: Do you also realize that if you remain attached to Commander Fleet Air, Mediterranean and have to be processed for an administrative discharge that COMFAIRMED will recommend to the Chief of Naval Personnel that you remain on active duty. However, if you are transferred, do you realize that your new command does not have to make that recommendation?

ACCUSED: Yes, sir.

The Court imposed a sentence which included a bad-conduct discharge and the convening authority, in compliance with the pretrial agreement, suspended that discharge for nine months from the date of trial, 15 April 1980. The appellant was assigned to the U. S. Naval Detachment, Souda Bay, Crete, Greece at the time the offenses were committed and according to his brief submitted to this Court on 1 April 1981, remained on active duty "at the Naval Support Activity, Soda (sic) Bay, Crete." It is apparent, therefore, that in the year since appellant was tried he has not been discharged administratively nor is there any indication that he was processed for such a discharge. Furthermore, there is no assertion that action was ever taken to vacate the suspended bad-conduct discharge so, presumably, the bad-conduct discharge was remitted upon the running of the nine-month probationary period.

With this factual background, appellant has asserted before this Court that his pleas of guilty were improvident because the quoted provision of the pretrial agreement dealing with administrative discharge is contrary to public policy. He argues that the provision "is an illusory promise to which the convening authority was not bound." In appellant's view, the convening authority was, and still is, capable of backing out of his promise by simply taking steps to initiate appellant's transfer to another command.

In response to this assertion it is noted that appellant has apparently been transferred from COMFAIRMED back to the Naval Detachment, Souda Bay without adverse discharge action. In our view, despite appellant's argument to the contrary, the issue of whether the convening authority could back out of his promise is, at this point, moot. Furthermore, we are convinced that the provision to which appellant objects did not permit the convening authority to avoid his promise to suspend the bad-conduct or recommend retention in the Navy if appellant were processed for an

administrative discharge. It merely acknowledges, correctly we think, that the convening authority cannot bind anyone else who is not a party to the agreement to recommend retention. Moreover, if another command had processed appellant for administrative discharge and recommended against his retention, appellant still could have reaped the benefit of the promised recommendation for retention by the convening authority, who is a flag officer in command. In our view the provision does not violate public policy. We also believe that the provision was explained to appellant in an adequate fashion and that there was no misunderstanding on appellant's part. We find appellant's pleas of guilty to have been entered providently.

Appellant's second assignment of error is summarily rejected.

The findings of guilty and sentence as approved and partially suspended below are affirmed.

Judge ABERNATHY and Judge KERCHEVAL concur.